IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯ D.C.

05 SEP -1 PM 5:07

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| JANET SHIRLEY, as Surviving Spouse, and for the estate of JERRY SHIRLEY, Deceased, JASON SHIRLEY, JAYANN SHIRLEY And JANA SHIRLEY, children of Deceased, JERRY SHIRLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, An Ohio corporation, GOODYEAR DUNLOP TIRES OF NORTH AMERICA, LTD., a New York Corporation, SUMITOMO RUBBER INDUSTRIES, INC., a foreign Corporation, and DUNLOP TIRE CORPORATION, a Delaware Corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. <u>03-2679 BP</u> |

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Before the court is defendant Dunlop Tire Corporation's ("Dunlop") Motion for Protective Order, filed May 23, 2005 (dkt #89). Plaintiff Janet Shirley ("Shirley") filed her response on August 30, 2005.[1] For the reasons below, the motion is GRANTED in

---

[1]After Shirley failed to respond to Dunlop's motion, the court entered an Order to Show Cause. Shirley then mailed a response in opposition that Shirley states was mailed to the Clerk of Court on June 2, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-2-05

121

part and DENIED in part.

## I. BACKGROUND

On September 10, 2002, Decedent Jerry Shirley was repairing the subject tire in Bogota, Tennessee, when the sidewall of the tire burst unexpectedly, resulting in his death. The subject tire is described as a Dunlop SP 431, size 285/75R 24.5. Defendant Dunlop manufactured the subject tire in 1994 in its New York plant. At the time the tire was manufactured, defendant Goodyear Tire & Rubber Company ("Goodyear") owned no interest in Dunlop and the two companies were competitors. In May of 1999, Goodyear Dunlop Tires North America ("GDTNA") was formed. Following the creation of GDTNA, Dunlop dissolved.

Plaintiff Janet Shirley initiated this wrongful death action on September 9, 2003, alleging that Dunlop was negligent in manufacturing a defective tire that caused the death of Jerry Shirley and is strictly liable under a design defect theory of products liability. Shirley further alleges that GDTNA and Goodyear are liable for the debts of Dunlop under a successor liability theory.[2]

---

[2]Under Tennessee law, there are four recognized exceptions to the general rule of successor non-liability:

> (1) [W]here the purchasing corporation expressly or implicitly agrees to assume the selling corporation's liabilities; (2) where the transaction amounts to a consolidation or merger of the two corporations (a de facto merger); (3) where the purchasing corporation is a mere continuation of the selling corporation; and (4)

-2-

Since February 23, 2004, the parties have been involved in the discovery process. In her third request for production propounded upon Dunlop, Shirley seeks "copies of any and all depositions, including any and all exhibits thereto, taken in the case styled David Harth and Rosetta Harth v. Dunlop Tire Corporation, et al., filed in the Superior Court of Indiana, Allen County, Indiana, Allen Superior Cause No. 02D01-0208-CT-321." Dunlop requests a protective order in the present motion with regard to Shirley's request.

Dunlop argues that the Harth depositions are outside the scope of discovery because the circumstances surrounding the accidents in each case, including the types of tires at issue, are not "substantially similar." Shirley concedes that the accidents involved in the two cases are not substantially similar, but argues that the same issues concerning the organizational relationships between Dunlop, Goodyear, and GDTNA are at issue in both her case and in Harth, and the depositions pertaining to successor liability are relevant and discoverable.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows for the

---

where the transaction is entered into fraudulently, in order to escape liability for the obligations of the selling corporation.

Signature Combs, Inc. v. United States, 331 F.Supp.2d 630, 640 (W.D. Tenn. 2004) (Donald, J.).

-3-

discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The rule further provides that the scope of discovery is broader than facts that will be admissible at trial; material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also United Oil Co. v. Parts Associates, Inc., 227 F.R.D. 404, 410 (D. Md. 2005) ("[R]elevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes.").

Dunlop contends that under Rye v. Black & Decker, 889 F.2d 100 (6th Cir. 1989), Shirley bears the burden of demonstrating substantial similarity between the accident involved in Harth and the accident in the present case in order for the Harth depositions to be discoverable. The substantial similarity standard, however, is applicable when a party is attempting to introduce at trial evidence of prior accidents in order to prove causation, notice, or the existence of a design defect.[3] See Clark v. Chrysler Corp., 310 F.3d 461, 472-73 (6th Cir. 2002); Rye, 889 F.2d at 102. Here, Shirley seeks depositions from Harth not for the purpose of introducing evidence of the Harth accident to prove causation,

---

[3]The court notes that there is a disagreement among courts as to whether the substantial similarity standard applies in the discovery stage. See United Oil, 227 F.R.D. at 411-12 (D. Md. 2004) (discussing different standards that courts have required requesting parties to meet in order to obtain discovery of evidence from prior accidents).

-4-

notice, or the existence of a design defect, but instead to gather evidence of the organizational relationships of the defendants in support of her successor liability theory. Therefore, the "substantial similarity" standard is inapplicable to Shirley's request for the Harth depositions.

The plaintiff bears the burden of a threshold showing of relevance. United Oil, 227 F.R.D. at 412 ("the law does not shift the burden on the question of the relevance from the party resisting discovery to the proponent of the discovery . . . after threshold relevance is demonstrated"); Marchello v. Chase Manhattan Auto Fin. Corp., 219 F.R.D. 217, 218 (D. Conn. 2004) (requiring "threshold showing" of relevance before production of documents required); McCoy v. Whirlpool Corp., 214 F.R.D. 642, 643 (D. Kan. 2003) (requiring requested material to appear "relevant on its face"); Chavez v. Daimler Chrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (same). Once this threshold showing of relevance is met, the burden is on the resisting party to establish lack of relevance, or some other basis for which denial of discovery is appropriate under Fed. R. Civ. P. 26(b).

Here, Shirley has met her initial burden of demonstrating that the Harth depositions, as they pertain to the organizational relationships between the defendants, are relevant. In Harth, the plaintiffs alleged that they were injured by a passenger van tire manufactured in 1996 by Dunlop in its Huntsville, Alabama, plant

when the tire tread allegedly peeled off while the vehicle was in operation on the highway. The <u>Harth</u> plaintiffs, as Shirley has done in her complaint, filed suit against Dunlop, Goodyear, GDTNA, and Sumitomo Rubber Industries, alleging that Goodyear and GDTNA were responsible for Dunlop's liabilities under a theory of successor liability.[4] The <u>Harth</u> court found that the plaintiffs had offered sufficient evidence of their successor liability claim to create a genuine issue of material fact and denied the defendants' motions for summary judgment. The court found specifically that there was evidence that GDTNA is a mere continuation of Dunlop and that Goodyear may have misused the corporate form of GDTNA in a way that constitutes fraud or injustice.

The depositions taken in <u>Harth</u> that pertain to the organizational relationships of the defendants are relevant to Shirley's claim that Goodyear and GDTNA are responsible as successors-in-interest for Dunlop's liabilities. Evidence demonstrating that Goodyear or GDTNA is a mere continuation of Dunlop, or that Goodyear misused the corporate form of GDTNA to avoid Dunlop's liabilities, is relevant to the issues of whether Goodyear or GDTNA is responsible for Dunlop's liabilities. <u>See</u> Fed. R. Evid. 401. As Shirley has met her initial burden of

---

[4] Shirley also filed suit against Sumitomo Rubber Industries. On March 31, 2005, the court granted Sumitomo's Motion to Dismiss for lack of personal jurisdiction.

demonstrating that the depositions are relevant, Dunlop must establish that discovery of the depositions should be denied on some other basis. The court finds that Dunlop has failed to make such a showing, and therefore denies Dunlop's motion with respect to depositions pertinent to Shirley's theory of successor liability.

Nevertheless, Shirley's request as drafted is overbroad. In her request for production, Shirley seeks copies of "any and all depositions" taken in <u>Harth</u>. Though Shirley has demonstrated that depositions concerning the successor liability claim are relevant, she has failed to show how all of the depositions taken in <u>Harth</u> are relevant. As Dunlop points out, and as Shirley concedes, the tires involved and the circumstances surrounding the accident in <u>Harth</u> are different from the tires and circumstances involved in Jerry Shirley's accident. The court does not see how depositions pertaining to the design and manufacture of the tire at issue in <u>Harth</u> are relevant to Shirley's claim. The court, therefore, grants Dunlop's motion for protective order with respect to depositions that do not address Shirley's successor liability theory.

### III. CONCLUSION

For the reasons above, the Defendant's motion is DENIED with respect to all depositions, and attached exhibits, from <u>David Harth and Rosetta Harth v. Dunlop Tire Corp., et al.</u> that concern the

organizational relationships between the defendants or that are otherwise pertinent to Shirley's theory of successor liability. The Defendant's motion is GRANTED with respect to all other depositions. Dunlop shall provide the discovery within twenty (20) days from the date of this order.

IT IS SO ORDERED.

*[signature]*
TU M. PHAM
United States Magistrate Judge

September 1, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 121 in case 2:03-CV-02679 was distributed by fax, mail, or direct printing on September 2, 2005 to the parties listed.

---

Todd C Theodora
STEPHAN ORINGHER RICHMAN & THEODORA
2209 Century Park East
6th Floor
Los Angeles, CA 90067--290

David Lee Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Daniel B. Snellings
WILLIAM S. FRATES, II, P.A.
830 Azalea Ln.
Vero Beach, FL 32963

Clinton J. Simpson
BAKER DONELSON BEARMAN & CALDWELL
20th Floor
165 Madison Avenue
Memphis, TN 38103

Katherine N. Ponsetto
STEPHAN ORINGHER RICHMAN & THEODORA
535 Anton Blvd.
9th Floor
Costa Mesa, CA 92626--190

John S. Hicks
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Nashville
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Roy Brasfield Herron
P. O. Box 5
Dresdin, TN 38225

William S. Frates
WILLIAM S. FRATES, II, P.A.
830 Azalea Ln.
Vero Beach, FL 32963

Honorable J. Breen
US DISTRICT COURT